the jurisdiction of the court, by petition ; and Lord *Eldon*, in *Evelyn* v. *Forster*, (8 *Vesey*, 96.) refused to make an order in such a case upon motion merely. If the trust did not appear in writing, or if the infant had an interest, or if it was a doubtful case, the court has said (*ex parte Vernon*, 2 *P. Wms.* 548., and see also, 2 *Vesey*, 559.) that it would not interfere, even on petition, but would put the *cestuy que trust* to his bill. In this case it is only necessary to ascertain whether the infants be really trustees within the act, according to the allegation in the petition, and the usual course is to order a Master to inquire and report. This was done in the case *ex parte Vernon*, and also in the cases *ex parte Benton, and ex parte Burton.* (*Dickens* 394, 395.)

I shall,„accordingly, direct, that the petition be referred to one of the masters of this court, to examine into the matters of fact stated therein, and to report the same, with his opinion thereon, and that he give notice to the guardian or next friend of the infants, of the time and place of such inquiry.

Order accordingly.

*1818.*

DENNING
*v.*
SMITH.

---

### DENNING *against* SMITH and others.

Where a bill is filed by an executor, for a settlement of his accounts, and for disclosures as to distribution, &c. the defendants are not entitled, on petition, to an inspection of the accounts and vouchers of the executor, to enable them to answer the bill.

*GRAHAM*, solicitor for defendant, upon petition, moved, that the plaintiff deposit with the Register, his accounts, and vouchers, as surviving executor of *Thomas Smith*, who was surviving executor of *William Smith*. The bill

*July 20th*

1818.

BEEKMAN
v.
WATERS.

was for a settlement of his accounts, and for directions as to distribution; and the object of the petition was, to have an inspection of the papers, to enable the defendants to answer the bill.

*RIGGS*, contra, contended, that the motion was unprecedented, vexatious, and unnecessary; that when they came to the accounts before the Master, all the accounts and vouchers must be produced and examined. The bill only requires the defendants to admit what they have received or deny what they are charged with. Orders have never gone farther than to require before answer, the production of deeds, set forth with a *profert.*

*Per Curiam.* Motion denied.

---

BEEKMAN and others *against* WATERS and others.

The plaintiff, on petition, after answer, and exception to the answer, may amend his bill by adding new charges and new parties, upon payment of costs, if a new or farther answer be required; and the plaintiff must amend the office copies of the bill taken out by the defendants who have appeared, and who are entitled to *six weeks,* within which to answer the amendments. In case new defendants be added to the bill, the plaintiff may have process of subpœna, and proceed against them, in the usual course.

*August 3d.*

*RIGGS*, for plaintiffs, on petition founded on affidavit, moved for leave to amend his bill, after answer and exceptions to the answer submitted to be answered, by adding new charges and new parties.

*W. Duer,* contra.